UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>J. BURNES, K. CLARK, M. RIVERA, P. RODRIGUEZ, and J.J. FLORES,<br><br>Defendants. | Case No. 1:23-cv-00376-HBK (PC)<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION IS NOT BARRED BY THE STATUTE OF LIMITATIONS<br><br>JULY 31, 2023 DEADLINE |

This matter comes before the court for its initial screening under 28 U.S.C. § 1915A following reassignment to the undersigned. (*See* Doc. No. 5). Benjamin Justin Brownlee ("Plaintiff") is a state prisoner who commenced this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on March 3, 2023. (Doc. No. 1, "Complaint"). Plaintiff's allegations exclusively involve events that occurred on or about July 25, 2018. (Doc. No. 1 at 5-9). Plaintiff's claims are subject to a two-year statute of limitations. The Court will afford Plaintiff an opportunity to show cause why the case should not be dismissed as time-barred since the statute of limitations ran on Plaintiff's claims before he commenced this action before recommending dismissal of this action.

**APPLICABLE LAW**

For § 1983 actions, the statute of limitations is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California. *Whiting v. City of*

1

*Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1.  California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than for life" when the cause of action accrues.  This limitations period is tolled while an inmate exhausts administrative remedies. *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir. 2020).

If a complaint is untimely, it may still proceed if subject to equitable tolling.  *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999).  For equitable tolling to apply, plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.)

## ANALYSIS

Plaintiff's Complaint alleges excessive force, sexual assault, assault and battery, failure to investigate, and due process violations. (*See generally* Doc. No. 1).  The events underpinning each of these claims occurred on or about July 25, 2018.  (*Id.* at 5-9).

Per the State of California's inmate locator, Plaintiff is serving a sentence of "life without the possibility of parole."[1]  Because plaintiff is serving a life sentence, his claims are subject to the two-year limitations period and should have been brought in July or August 2020 at the latest.  The claims were instead brought in March 2023, and thus appear to be time-barred.

The Court will provide Plaintiff an opportunity to show cause why this matter should not be dismissed as untimely.  Specifically, Plaintiff should address whether his Complaint was timely filed, and if not, whether equitable tolling applies to allow this action to continue.  Alternatively, Plaintiff may file a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) if Plaintiff concedes the action is time barred and he wishes to avoid a strike.[2]

---

[1] https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BE3069

[2] Under § 1915(g), a prisoner who has repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.  The filing of a complaint that is barred by the statute of limitations qualifies as a strike.  *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).

Accordingly, it is ORDERED:

1. **No later than July 31, 2023**, Plaintiff shall deliver to correctional officials for mailing his response to this Show Cause Order and explain why this case should not be dismissed as barred by the applicable statute of limitations.

2. Alternatively, by the same date, Plaintiff may deliver a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) that is dated and signed seeking voluntary dismissal of this action.

3. If Plaintiff fails to timely respond to this show cause order, the undersigned will recommend the district court dismiss this action as time barred.

Dated:   June 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3