UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE, | Case No. 1:23-cv-00376-HBK (PC) |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO PERMIT PLAINTIFF TO PROCEED ON COGNIZABLE CLAIMS AND DISMISS REMAINING CLAIMS[1] |
| SGT. J. BURNES, M. RIVERA, P. RODRIGUEZ, and J.J. FLORES, | |
| Defendants. | (Doc. No. 18) |

Plaintiff Benjamin Justin Brownlee is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds on his First Amended Complaint. (Doc. No. 18, "FAC"). As more fully set forth below, the undersigned finds the FAC states cognizable Eighth Amendment excessive use of force claims against Defendants Burnes, Rivera, Rodriguez, and Flores, Eighth Amendment sexual assault claims against Defendants Rivera and Rodriguez, and an Eighth Amendment failure to intervene claim against Defendant Flores, but no other claims. Therefore, the undersigned recommends that Plaintiff be allowed to proceed only on these claims and the remaining claims and defendants be dismissed.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

**A. Procedural History**

Plaintiff initiated this action by filing a Complaint under 42 U.S.C. § 1983. (Doc. No. 1). Because it appeared from the face of the Complaint that this action was not timely filed, the undersigned issued an Order to Show Cause ("OSC"), directing Plaintiff to show cause why the action should not be dismissed for failure to comply with the applicable statute of limitations. (Doc. No. 12). Plaintiff filed a response asserting, *inter alia*, that it took three years to complete the administrative process regarding his claims. (Doc. No. 15).[2] On August 31, 2023, the undersigned discharged the OSC, screened the Complaint and found it stated cognizable Eighth Amendment excessive force claims against Defendants Burnes, Rivera, Rodriguez, and Flores, but no other claims. (Doc. No. 16 at 1). The Court directed Plaintiff to file an amended complaint, file a notice to voluntarily dismiss the Defendants and claims deemed not cognizable, or stand on his Complaint subject to the undersigned issuing findings and recommendations to dismiss the Defendants and claims deemed not cognizable. (*Id*. at 11-12). On October 11, 2023, Plaintiff filed his First Amended Complaint. (Doc. No. 18).

**B. Summary of the FAC**

Plaintiff's FAC is based on an incident that occurred at California State Prison, Corcoran ("CSP Corcoran") on July 25, 2018. (Doc. No. 18 at 15). The FAC names as Defendants (1) Sergeant J. Burnes, (2) Correctional Officer M. Rivera, (3) Correctional Officer P. Rodriguez, and (4) Correctional Officer J.J. Flores. (*Id*. at 14-15). The FAC alleges an Eighth Amendment excessive force claim, Eighth Amendment sexual assault claim, and a First Amendment retaliation claim. (*See generally* id.). The following facts are presumed true at this stage of the

---

[2] Per the State of California's inmate locator, Plaintiff is serving a sentence of "life without the possibility of parole. https://inmatelocator.cdcr.ca.gov/Details.aspx?ID. Because Plaintiff is serving a life sentence, his claims are subject to the two-year limitations period and should have been brought in July or August 2020 at the latest. The action was not commenced until March 2023. California law permits tolling of the two-year limitations period during the time a prisoner pursues his administrative remedies. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). The Court's decision to permit this case to proceed after Plaintiff's response to the OSC is not a ruling on the timeliness of the action nor does it preclude Defendants from raising the statute of limitations as an affirmative defense, if appropriate.

proceedings.

While Plaintiff was in handcuffs and leg restraints, Defendants Rivera, Rodriguez and Flores threw Plaintiff to the floor. (*Id*. at 15). Thereafter, Defendant Burnes kicked Plaintiff "multiple" times in the face, causing Plaintiff to bleed from his nose and mouth. (*Id*. at 15-16). Defendants Rivera, Rodriguez, and Flores then punched and kicked Plaintiff in the ribs, legs, stomach, back, and chest. (*Id*. at 16).

Afterwards, Defendants Rivera, Rodriguez, and Flores ripped off Plaintiff's clothes "for no reason." (*Id*.). After they took his clothes off, Defendant Rodriguez was "smacking and squeezing [Plaintiff's] buttocks" and Rivera "place[d] his right-hand finger in [Plaintiff's] butt hole . . . five times." (*Id*.). "After . . . Defendants [sic] Rivera place [sic] his finger [Plaintiff's] rectum many time [sic]" Defendant Rodriguez told Rivera that it is "his turn" and that Flores was going "to rape [Plaintiff] next." (*Id*. at 17). Plaintiff "was yelling for help well [sic] he has been rape [sic] many time [sic] by the Defendants Rivera, Rodriguez, and Flores." (*Id*.). Defendant Flores threatened he would "kill" Plaintiff if he filed a grievance or complaint regarding the incident and "make it look like a suicide." (*Id*. at 16-17). After Plaintiff filed grievances regarding the incident, the Defendants "sent other correctional staff member [sic] to use excessive force on [Plaintiff], by having them attack [Plaintiff] in the cell; out of the cell; throwing out [Plaintiff's] mail and not feed [Plaintiff] his food" during mealtimes. (*Id*. at 17).

As a result of the incident, Plaintiff fears for his life. As relief, Plaintiff seeks monetary damages and "such other relief" as the Court finds he is entitled to. (*Id*. at 18).

## APPLICABLE LAW AND ANAYSIS

**A. 8th Amendment Excessive Use of Force**

Prison officials who use excessive force against inmates violate the inmate's Eight Amendment right to be free from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); Clement v. Gomez, 298 F.3d 898, 903 (9th Cir., 2002). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S.

1, 6-7 (1992).  When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate . . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  *Id*. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  *Hudson*, 503 U.S. at 9.

Here, accepting the allegations as true, the FAC states a cognizable claim of excessive force against Defendant Burnes, in his individual capacity, to survive the "low threshold" for *sua sponte* screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b).  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).  While Plaintiff was handcuffed and placed in leg restraints, Defendant Burnes kicked Plaintiff repeatedly in the head, continuing even after Plaintiff was bleeding from his nose and mouth.  (Doc. No. 18 at 15-16).  Because Plaintiff was fully restrained and arguably posing no plausible threat to either prison staff or inmates, Defendant Burnes' use of force was not necessary to maintain order or restore discipline.  *Hudson*, 503 U.S. at 6-7.

Given that Defendant Burnes kicked Plaintiff in the head hard enough to cause him to bleed from the nose, all while Plaintiff was handcuffed and in leg restraints, the Court reasonably infers that Defendant Burnes used force "maliciously and sadistically for the very purpose of causing harm."  *Farmer*, 511 U.S. at 835.  Accordingly, the FAC states a cognizable Eighth Amendment excessive force claim as to Defendant Burnes.

The FAC also states a cognizable claim of excessive force as to Defendants Rivera, Rodriguez, and Flores in their individual capacities.  The FAC asserts that after Defendant Burnes kicked Plaintiff in the face, Defendants Rivera, Rodriguez, and Flores punched and kicked Plaintiff in the ribs, legs, stomach, back, and chest while he laid on the ground.  (Doc. No. 18 at 16).  Plaintiff remained in handcuffs and leg restraints at this point and did not plausibly pose a threat to others.  Thus, Defendants Rivera, Rodriguez, and Flores' use of force was not necessary

to maintain order or restore discipline, and instead appeared to be used "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6-7; *Farmer*, 511 U.S. at 835. Accordingly, the FAC states a cognizable Eighth Amendment excessive force claim as to Defendants Rivera, Rodriguez, and Flores.

### B. Eighth Amendment Sexual Assault Claim

To state a cognizable sexual assault claim, a plaintiff must plead facts indicating that "a prison staff member, acting under color of law and without legitimate penological justification, touched [him] in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). When evaluating a prisoner's sexual assault claim against a corrections officer, courts should consider "whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Johnson v. Frauenheim*, 2021 WL 5236498, *11 (E.D. Cal. Nov. 10, 2021) (findings and recommendations adopted by *Johnson v. Frauenheim*, 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021)) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

In *Berryhill v. Schriro,* 137 F.3d 1073 (8th Cir. 1998), the plaintiff alleged that prison maintenance employees "embarrass[ed] him" in violation of the Eighth Amendment when one of them "grabbed him by the shoulders while [another] grabbed his buttocks with one hand briefly" and a third "grabbed Berryhill's buttocks for a moment." *Id.* at 1074–75 (indications of alteration omitted). The Eighth Circuit found no Eighth Amendment violation because "there is no evidence that Berryhill suffered anything more than a brief unwanted touch on his buttocks" and "[i]t would be a distortion . . . to characterize the conduct in this case as a sexual assault." *Id.* at 1076.

However, there is a "clear consensus" that when officers squeeze or grope inmates' buttocks or genitals and make sexual comments, such conduct violates the Constitution. *Gleason v. Franklin*, 2021 WL 4813647, at *12 (C.D. Cal. July 23, 2021), *report and recommendation adopted*, 2021 WL 4861785 (C.D. Cal. Oct. 13, 2021) (citing *Houston v. Buck*, 2005 WL

1378964, at *3-4 (E.D. Cal. May 31, 2005) (holding triable issue existed when plaintiff alleged that guard said "let me feel on you" before squeezing parts of plaintiff's body including his buttocks), *report and recommendation adopted by* 2005 WL 1561530 (E.D. Cal., June 29, 2005). Anal cavity searches, if conduced in a professional manner and with a legitimate penological objective, however, do not violate the Eighth Amendment. *Everett v. Witcher*, 65 F. App'x 153, 154 (9th Cir. 2003)

The FAC alleges that Defendants Rodriguez, Rivera, and Flores removed Plaintiff's clothes for no reason, that Defendant Rodriguez smacked and squeezed Plaintiff's buttocks and Defendant Rivera placed his finger in Plaintiff's rectum five times. (Doc. No. 18 at 16). Plaintiff asserts that Defendants Rodriguez, Rivera, and Flores all "rape[d] [Plaintiff] with there [sic] hands" and asserts while he was "yelling for help he was [sic] been rape [sic] many times by the Defendants Rivera, Rodriguez, and Flores." (*Id*. at 17). The FAC alleges that Defendants engaged in suggestive and degrading banter, with Defendant Rodriguez stating it was "his turn" and that Flores would rape Plaintiff next. (*Id*. at 16).

Based on the facts above, the FAC adequately alleges a sexual assault claim against Defendants Rivera and Rodriguez. Rivera inserted his finger into Plaintiff's rectum five times, with no apparent legitimate penological objective and Rodriguez smacked and squeezed Plaintiff's buttocks. These alleged facts coupled with the demeaning comments made by Rodriguez support an inference that these acts committed on Plaintiff were done either for Defendant Rivera's or Rodriguez's sexual gratification or to degrade Plaintiff. (*Id*. at 17).

However, the conclusory assertion that "Defendants Rivera, Rodriguez, and Flores . . . rape[d] Plaintiff with there [sic] hands" and that Plaintiff was raped "many times by Defendants Rivera, Rodriguez, and Flores" is insufficient to state a claim as to Defendant Flores. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (a court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact). The FAC does not contain any allegations that Defendant Flores penetrated Plaintiff in any way or committed any other physical sexual acts on him. (Doc. No. 18 at 17). Accordingly, the FAC fails to state an Eighth Amendment sexual assault claim against Defendants Flores.

**C. Failure to Intervene**

A prison official may be liable under § 1983 if he is aware that a fellow official is violating a prisoner's constitutional rights but fails to intervene. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.") (citation omitted); *see also Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n. 3 (1st Cir. 1990) ("An officer who is present at the scene who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance."). A failure to intervene can support an excessive force claim where the bystander officers had a realistic opportunity to intervene but failed to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham*, 229 F.3d at 1289.

Liberally, construed, the FAC alleges that in addition to using excessive force against Plaintiff, Defendant Flores also failed to intervene when Defendant Rivera and Rodriguez sexually assaulted Plaintiff. (*See* Doc. No. 18 at 16-17). Accepting the facts as true, Defendant Flores took no action to protect Plaintiff during the aforementioned acts. Because the FAC sufficiently pleads a claim for sexual assault by Defendants Rivera and Rodriguez when Flores was present, it follows that he has also stated a claim against Flores for his failure to intervene, given that he was in a position to prevent the sexual assault and was aware that Plaintiff's constitutional rights were being violated. *See Castle v. Serrano*, 2022 WL 4486137, at *9 (C.D. Cal. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 4485805 (C.D. Cal. Sept. 27, 2022). The FAC thus sufficiently alleges that Defendant Flores was present at the scene and had a reasonable opportunity to stop Defendant Rivera or Rodriguez from further harming Plaintiff but failed to do so. Thus, the FAC states an Eighth Amendment failure to intervene claim against Defendant Flores.

**D. Retaliation**

It is clear prisoners have First Amendment rights to file a grievance or civil rights complaint against correctional officials. *Brodheim v. Cry*, 584 F. 3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence. *Bruce v. Ylst,* 351 F.3d 1283, 1288–89 (9th Cir. 2003); *McCollum v. Ca. Dep't of Corr. And Rehab*., 647 F.3d 870, 882 (9th Cir. 2011). Mere speculation that a defendant acted out of retaliation is not sufficient. *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014) (citing cases).

Where a Plaintiff has engaged in protected First Amendment conduct, a threat of harm in response to that conduct "can be an adverse action" for purposes of a First Amendment claim, "regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009); *see also Shirley v. Barnes*, 2017 U.S. Dist. LEXIS 223439, 2017 WL 10509043, at \*\*2-3 (C.D. Cal. Nov. 8, 2017), *report and recommendation adopted*, 2018 WL 5857915 (C.D. Cal. Jan. 16, 2018) (threats that prison officials would make Plaintiff's life a living hell and have him sent to Ad. Seg were adverse actions). However, where a correctional officer threatens an inmate with physical harm "to convince him to refrain from pursuing legal redress" for past beatings, the "mere naked threat" is insufficient to establish a First Amendment violation. *Thompson v. Ferrso*, 2021 WL 6499812, at \*4 (E.D. Cal. Sept. 21, 2021), quoting *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987*); see also Williams v. Farley*, 2020 WL 4586858, at \*5 (C.D. Cal. Aug. 10, 2020) (finding plaintiff failed to state Eighth Amendment claim where correctional officers, after physically assaulting plaintiff, told plaintiff that if he filed grievances or appealed a rule violation report he would be placed in ad-seg or could get "hurt").

Liberally construed, the FAC alleges that Defendant Flores' statements after the July 25, 2018 incident, that he would "kill [Plaintiff] and make it look like a suicide" if he filed a grievance concerning the incident, constituted retaliation because it was made to dissuade Plaintiff from exercising his First Amendment rights. (*See* Doc. No. 18 at 16-17). However, "[a]

8

1  mere threat may not state a cause of action" under section 1983, even if it is a threat against
2  exercising the right of access to the courts. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per
3  curiam).  Moreover, the FAC does not allege that Flores's statement was made in response to
4  Plaintiff's protected First Amendment conduct, nor that Plaintiff had engaged in any First
5  Amendment conduct regarding the incident or stated an intention to do so.  Thus, Plaintiff cannot
6  satisfy the first element of a retaliation claim.  Accordingly, the FAC fails to state a First
7  Amendment retaliation claim based on Defendant Flores' statement.

8  The FAC also alleges that after Plaintiff filed grievances against Defendants Burnes,
9  Rivera, Rodriguez, and Flores, unspecified Defendants "sent other correctional staff member [sic]
10  to use excessive force on [Plaintiff]."  (Doc. No. 18 at 17).  Plaintiff asserts these unspecified
11  correctional staff attacked him in his cell, out of his cell, threw away his mail, and refused to give
12  him food at mealtimes.  (*Id*.).  The FAC does not specify the timing of the protected First
13  Amendment conduct that allegedly provoked these actions, the timing of the actions by
14  correctional staff, nor provide other details that would permit the Court to infer that the actions
15  were taken in response to Plaintiff's protected conduct.  Nor does the FAC allege which
16  Defendant(s) directed these unspecified correctional staff to act against Plaintiff.  To survive
17  screening, Plaintiff's retaliation claims must provide more than conclusory allegations and require
18  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
19  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*
20  *Serv*., 572 F.3d 962, 969 (9th Cir. 2009).

21  Plaintiff was previously advised of the elements of a retaliation claim but has been unable
22  to cure those deficiencies.  (*See* Doc. No. 16 at 9-10).  The undersigned thus finds further leave to
23  amend this claim would be futile.  *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995);
24  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet*, 963 F.2d 1258,
25  1261 (9th Cir. 1992) (discretion to deny leave to amend particularly broad when the plaintiff
26  previously had an opportunity to amend his complaint.)

27  Accordingly, it is **ORDERED**:
28  The Clerk of Court is directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

1. This action proceed only on Plaintiff's Eighth Amendment excessive use of force claims against Defendants Burnes, Rivera, Rodriguez, and Flores, his Eighth Amendment sexual assault claim against Defendants Rivera and Rodriguez, and his Eighth Amendment failure to intervene claim against Defendant Flores.

2. All other claims and Defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE