UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BURNES, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00376-JLT-HBK (PC)<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT<br><br>(Doc. No. 41)<br><br>ORDER DISREGARDING PLAINTIFF'S RESPONSE TO DEFENDANTS' ANSWER<br><br>(Doc. No. 42) |

　　　　Plaintiff Benjamin Justin Brownlee is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983 as screened under 28 U.S.C. § 1915A. (Doc. Nos. 10, 18). On July 19, 2024, Plaintiff filed a motion for entry of default judgment. (Doc. No. 41). Plaintiff claims that Defendants Burnes, Rivera, Rodriguez, and Flores have failed to timely respond to his First Amended Complaint, and he therefore seeks a default judgment. (*Id.* at 1). Also pending is Plaintiff's Response to Defendants' First Amended Answer, filed on July 23, 2024. (Doc. No. 42). For reasons set forth below, the Court will deny Plaintiff's Motion for Entry of Default and disregard Plaintiff's Response to Defendants' Answer.

**MOTION FOR ENTRY OF DEFAULT**

　　　　Entry of default by the Clerk of Court is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided

by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a).  The entry of default by the Clerk is a prerequisite for an entry of judgment upon that default.  Fed. R. Civ. P. 55(b).  Procedurally, no default was entered by the Clerk in this case.  *See* docket.  Thus, no default judgment may be entered.  Further, contrary to Plaintiff's assertion, Defendants Burnes, Rivera, Rodriguez, and Flores timely filed an Answer to his operative Complaint.  (Doc. No. 39).  Thus, the Clerk properly withheld entry of default.  Fed. R. Civ. P. 55(a).

**PLAINTIFF'S RESPONSE TO DEFENDANTS' ANSWER**

The Federal Rules of Civil Procedure contemplate a reply to an answer only when ordered by the court.  Fed. R. Civ. P. 7(a)(7); *see also* Fed. R. Civ. P. 12(a)(1)(C).  Plaintiff filed a response to Defendants' Answer on July 23, 2024.  However, since Plaintiff here was not ordered to reply to the Answer, his reply will be disregarded.  *See, e.g., King v. Valley State Prison*, 2022 WL 1190457, at *1 (E.D. Cal. Apr. 21, 2022).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Entry of Default (Doc. No. 41) is **DENIED**.

2. The Court **DISREGARDS** Plaintiff's Response to Defendants' Answer (Doc. No. 42).

Dated:   July 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE