UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE, | Case No. 1:23-cv-00376-JLT-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| J. BURNES, M. RIVERA, P. RODRIGUEZ, and J.J. FLORES, | |
| Defendants. | (Doc. No. 40) |
| | FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Benjamin Justin Brownlee initiated this action as a state prisoner proceeding pro se by filing a civil rights complaint under 42 U.S.C. § 1983 on March 3, 2023. (Doc. No. 1, "Complaint"). Plaintiff proceeds on his First Amended Complaint, as screened, against Defendants Burnes, Rivera, Rodriguez, and Flores. (Doc. Nos. 18, 21, 22, 23, 24). After Defendants were served and the Court issued a Case Management Screening Order, Plaintiff filed the instant "Request for an Order to Show Cause With a Temporary Restraining Order and Preliminary Injunction." (Doc. No. 40, "Motion"). For the reasons discussed below, the undersigned recommends that the district court deny Plaintiff's Motion.

////
////

## I. BACKGROUND AND ALLEGED FACTS

### 1. Allegations in FAC

Plaintiff proceeds on his First Amended Complaint filed on October 10, 2023. (Doc. No. 18, "FAC"). The gravamen of the FAC is that Defendants, all correctional officers at Corcoran State Prison (CSP), physically and sexually assaulted him on July 25, 2018, or failed to intervene in the assault. (*Id*. at 15-18).

### 2. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff filed the instant Motion on July 19, 2024. (Doc. No. 40). Plaintiff's Motion is directed to the warden of Richard J. Donovan Correctional Facility ("RJDCF"), where he is currently housed, other unspecified employees at RJDCF, and to "Defendants or/and there [sic] agents" who he contends are impeding his ability to prosecute this case or harassing and retaliating against him in various ways. (*Id*. at 1-3).

Plaintiff asserts his requests for access to the law library are being denied, his personal property has not been returned to him, he has been denied access to the phone and thus cannot contact defense counsel in this case, and mail staff have been interfering with his legal mail. (*Id*.). Plaintiff implies these actions are being taken under the direction, or on behalf of, the Defendants in this case, and that they are preventing Plaintiff from adequately prosecuting his case. (*Id*. at 3).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126

(E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

However, the injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases,

1    "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

2    correct the harm the court finds requires preliminary relief, and be the least intrusive means

3    necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*,

4    2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA

5    places significant limits upon a court's power to grant preliminary injunctive relief to inmates,

6    and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

7    bargaining power of prison administrators—no longer may courts grant or approve relief that

8    binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of*

9    *the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited

10    to the parties in this action" and the pendency of an action "does not give the Court jurisdiction

11    over prison officials in general or over the conditions of an inmate's confinement unrelated to the

12    claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

### III.  DISCUSSION

14    Having reviewed Plaintiff's Motion, the undersigned does not find Plaintiff has satisfied

15    his burden to warrant issuance of this extraordinary remedy. As a threshold matter, Plaintiff has

16    not complied with Local Rule 231(d). There is no showing of actual or attempted notice; and,

17    other than requesting the relief, Plaintiff fails to provide any briefing, other than conclusory

18    statements, on the implicated legal issues. Thus, the Motion is facially deficient.

19    Putting aside the procedural deficiencies, the Motion is also without merit. Plaintiff does

20    not show a likelihood of irreparable harm in the absence of preliminary relief. Plaintiff implies

21    that the failure to return his property or allow him unfettered law library access is hampering his

22    ability to prosecute his case and comply with case deadlines. (Doc. No. 40 at 1-2). Plaintiff

23    alleges no facts to indicate that the difficulties he faces have resulted or will result in imminent

24    injury. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a

25    preliminary injunction.'" *Mester v. Dickinson*, 2010 WL 1658472, *2 (April 23, 2010) (citing

26    *Caribbean Marine Servc. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (other citations

27    omitted)). Nor does Plaintiff provide any affidavits attesting to imminent irreparable harm, aside

28    from the conclusory allegation that his lack of law library access and phone access, and the

deprivation of his personal property are making it more difficult for Plaintiff to comply with the Court's Case Management Scheduling Order. (Doc. No. 40 at 2 ¶ 4). Nor does Plaintiff specify with which deadlines he is unable to comply. In fact, Plaintiff is not under any court-ordered specified deadline, other than when discovery must be completed—March 16, 2025.[1]

Further, the Court does not have personal jurisdiction or subject matter jurisdiction over prison officials at RJDCF, who Plaintiff contends are responsible for harassing him or impeding his case in various ways. *See Zepeda v. U.S. Immigr. & Naturalization Serv*., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). While Plaintiff vaguely implies that Defendants or their "agents" are responsible for his adverse treatment by staff at RJDCF, (Doc. No. 40 at 3 ¶ 7), Plaintiff fails to set forth any facts that would support such a speculative claim.

In summary, the undersigned finds this case does not involve extraordinary circumstances warranting the issuance of a temporary restraining order or preliminary injunction and recommends for all the reasons set forth above that the district court deny Plaintiff's Motion.

ACCORDINGLY, it is **RECOMMENDED**:

Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 40) be DENIED.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written

---

[1] Indeed, a review of the docket reveals that Plaintiff has been able to file numerous pleadings and motions in this case. *See* Plaintiff's motion for extension of time filed August 7, 2023 (Doc. No. 13), Plaintiff's response to order to show cause filed August 14, 2023 (Doc. No. 15), Plaintiff's motion for extension of time to respond to Court's screening order filed October 10, 2023 (Doc. No. 17), Plaintiff's First Amended Complaint filed October 10, 2023 (Doc. No. 18); Plaintiff's objection s to findings and recommendations filed November 8, 2023 (Doc. No. 22); Plaintiff's motion for default filed July 19, 2024 (Doc. No. 41); and Plaintiff's reply to Defendants' Answer filed July 25, 2024 (Doc. No. 42).

1  objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned,

2  "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge

3  will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's

4  failure to file objections within the specified time may result in the waiver of certain rights on

5  appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   August 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE