UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BURNES, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00376-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(Doc. No. 49)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF<br><br>(Doc. No. 50) |

Pending before the Court are two motions filed by Plaintiff Benjamin Justin Brownlee. The first is a Motion to Compel Discovery filed on October 28, 2024. (Doc. No. 49). Defendants timely filed an Opposition on November 25, 2024. (Doc. No. 54). Also pending is Plaintiff's "Motion To Refer to Pro Se Settlement Program," filed October 30, 2024. (Doc. No. 50). Defendants timely filed an Opposition on November 20, 2024. (Doc. No. 53). The Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint, as screened, against Defendants J. Burnes, M. Rivera, P. Rodriguez, and J.J. Flores. (Doc. Nos. 18, 21). For the reasons set forth herein, the Court denies both of Plaintiff's motions.

## MOTION TO COMPEL

In his Motion to Compel, Plaintiff seeks an order compelling disclosure of "any and all grievances, complaints or other documents received by prison staff" pertaining to inmate abuse

1   by Defendants J. Burnes, J.J. Flores, M. Rivera and P. Rodriguez.  (Doc. No. 49 at 6, 9).  Plaintiff
2   asserts that Defendants' objections to producing the records based on privilege, overbreadth, and
3   confidentiality "have no merit" and are "frivolous."  (*Id*. at 2, 6).  Plaintiff further contends that
4   Defendants waived any objections to producing the documents when they failed to respond to
5   Plaintiff's discovery requests within 45 days.  (*Id*. at 3).
6   In response to the Motion, Defendants first note that Plaintiff did not fulfil his duty to
7   meet and confer before filing a motion to compel and thus his motion is facially deficient.  (Doc.
8   No. 54 at 2).  Further, they dispute Plaintiff's claim that their discovery responses were untimely.
9   (*Id*. at 3-4).  They point to the record in this case, which shows that they timely requested and
10  were granted an extension of time to respond to Plaintiff's discovery requests.  (*Id*. at 3) (citing
11  Doc. Nos. 46, 47).  Thus, Defendants argue they have not waived their objections to Plaintiff's
12  discovery requests.  Finally, Defendants contend that they have satisfied their discovery
13  obligations because some of Plaintiff's requests are irrelevant to any claim or defense in this
14  matter and their objections were proper.  (Doc. No. 54 at 4-6).

**A. Legal Standard**

Federal Rule of Civil Procedure 26 provides:

> parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Although broad, "the scope of discovery is not without limits." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015).  The Court "must limit" irrelevant, overly broad, unduly burdensome, cumulative or disproportional discovery.  Fed. R. Civ. P. 26(b)(2)(C).  Whether to permit or deny discovery is left to the Court's "broad" discretion.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may request documents "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The responding party must respond in writing and is obliged

2

1  to produce all specified relevant and non-privileged documents, tangible things, or electronically
2  stored information in its "possession, custody, or control" on the date specified. *Id*. If a party
3  "fails to respond" as requested under Rule 34, the propounding party may file a motion to compel
4  production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). An "incomplete disclosure, answer, or
5  response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).
6  "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the
7  denial of discovery." *Hasan v. Johnson*, 2012 WL 569370 *2 (E.D. Cal. Feb. 21, 2012) (citing
8  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

**B. Analysis**

As an initial matter, Plaintiff's Motion is facially deficient. Under the Federal Rules of Civil Procedure and local rules of this Court, a party must confer or attempt to confer with the opposing party to resolve a discovery dispute before filing a motion to compel. Fed. R. Civ. P. 37(a)(1); *see* Local Rule 251(b); *see also* Doc. No. 38 at 2 (apprising the parties of the meet and confer requirement). Plaintiff admits in his Motion that he did not attempt to comply with the meet and confer mandate, because he thought such efforts would be futile. (Doc. No. 49 at 2). Accordingly, Plaintiff's Motion is facially deficient, and the Court may deny it on that basis alone.

As to Plaintiff's claim that Defendants' response was untimely, this is refuted by the record before the Court. Defendants timely sought and were granted an extension of time to submit their discovery responses, and ultimately mailed their responses by the extended deadline. Thus, the Court finds unavailing Plaintiff's assertion that Defendants have waived their objections by submitting untimely discovery response.

Finally, the Court finds Plaintiff's motion to compel is due to be denied on the merits. Plaintiff Request for Production No. 1 requested:

> Any and all grievances, complaints or other documents received by prison staff that stated the Defendants J. Burnes; J. J. Flores; M. Rivera; and P. Rodriguez or their agents at CSP-Corcoran concerning the mistreatment of prisoner by Defendants J. Burnes; J.J. Flores; M. Rivera; and P. Rodriguez; and any memoranda; investigative Files, or/and other documents created in response to such complaints.

(Doc. No. 49 at 18).

Defendants responded as follows:

> Objection. This request is compound, vague and ambiguous as to the phrases "agents" and "concerning the mistreatment of prisoner, and is overbroad as to time and scope. To the extent that this request is asking for documents relevant to non-party allegations against Defendants, this request is seeking the production of documents that are not relevant to any party's claim or defense and is unduly burdensome, expensive, and intrusive because Defendants' liability in this action does not depend on any other incidents or events, particularly those involving individuals who are not parties to this lawsuit. This request seeks documents protected by the official information privilege for the safety and security of the institution, staff, and inmates. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991); *see also* Decl. of P. Williams. This request also seeks documents subject to the privacy rights of Defendants and of individuals who are not parties to this lawsuit. Defendants object to the extent information sought is "confidential" within the meaning of California Code of Regulations, Title 15, section 3321, and therefore an incarcerated person such as Plaintiff is prohibited from possession of the requested information under the provisions of California Code of Regulations, Title 15, section 3450(d). This request also seeks documents relating to other incarcerated individuals for which disclosure is prohibited by California Code of Regulations, Title 15, section 3370 and CDCR Department Operations Manual, Chapter 7. This request also seeks personnel records protected from disclosure by California Government Code section 6254 and California Code of Regulations, Title 15, section 3450(d). Additionally, to the extent the request seeks the production of "complaints" submitted against Defendants, such information is beyond the scope of discovery in this case because it is not related to Plaintiff's claims. Propensity evidence is generally not admissible in civil rights cases. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993); *see also* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.") Moreover, collateral matters that are not related to the type of incident in the case are non-discoverable. *See Gonzales v. City of Bakersfield*, No. 1:16-cv-00107 JLT, 2016 WL 4474600, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo*, No. 2:14-cv-01749 JAM (AC), 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints of non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Harbridge v. Yates*, No. 1:10-cv-00473 DAD-JLT (PC), 2015 WL 8213561, at *2 (E.D. Cal. Dec. 8, 2015) (request for discovery on demotion due to alleged sexual harassment has no relation to excessive force action.) Additionally, evidence of complaints filed by other inmates is irrelevant to establishing Defendants' liability. *See Reynoso v. Sayre*, No. 11-cv-4525 CW (PR), 2013 WL 4840496, at *21-22 (N.D. Cal. Sept.

1  11, 2013.)

2  Without waiving any objection, Defendants respond as follows:

3  Defendants will provide a privilege log and declaration in support of any relevant privileged or confidential documents that are located and not produced to Plaintiff. Defendants produce the Inmate Appeals Tracking System (IATS) logs for each Defendant, which show staff complaints that were filed against Defendants at Bates No. DEF 001 – DEF 014. Inmate CDCR numbers have been redacted. Defendants produce a copy of Grievance Log No. 2005707/Appeal Log No. CSPC-8-18-04312 with institutional responses at Bates No. DEF 015 – DEF 030.

(*Id*. at 4-5).

First, the Court does not find the requested records relevant to this case. Plaintiff's request is not limit based on time frame, the nature of the allegations in the grievance, or the outcome of the grievance. Plaintiff contends that prior instances of abuse or misconduct by the defendants can be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Doc. No. 49 at 8). However, the mere fact that Defendants have been accused of some form of misconduct by inmates at some point in the past is not probative of any issues in this case. Plaintiff also asserts that the requested documents may be relevant to establish his claims for supervisory liability against Defendants, (*id*. at 7-8), however there are no surviving supervisory claims in Plaintiff's operative complaint, thus this is not a valid basis for compelling the discovery. (*See* Doc. Nos. 21, 23).

Additionally, Plaintiff's request for "any and all" prior grievances or complaints against the four Defendants is overbroad, overly burdensome, and not proportional to the needs of this case. *See Blue v. Grannis*, 2007 WL 2758025 (E.D. Cal. Sept. 21, 2007) (denying motion to compel production of all grievances and lawsuits filed against defendant); *Edwards v. Carey*, 2006 WL 3437901, *1 (E.D. Cal. Nov. 29, 2006) (denying motion to compel production of all civil complaints and administrative grievances filed against defendants on any matter involving family visits); *see also Moore v. Duran*, 2024 WL 1973501, at *5 (S.D. Cal. May 3, 2024) (finding request for prior grievances not proportional to needs of the case because the substantial "expenditure of time and resources" involved in producing the requested documents was not justified by their "marginal relevance" to the case at hand). The significant burden on CDCR

5

officials imposed by locating, reviewing, and documenting such records is not justified by the limited relevance of these documents.  Because the Court finds Defendants' response to Request for Production No. 1 was sufficient and that Plaintiff has not met his burden of showing actual prejudice from the denial of those records, the Court need not address the additional bases cited by Defendants for its response.  Accordingly, Plaintiff's Motion to Compel is denied.

## MOTION TO REFER TO PRO SE SETTLEMENT

In his second motion, Plaintiff "moves the court to find good cause to refer this matter to . . . the pro se settlement program."  (Doc. No. 50 at 1).  Plaintiff contends that Defendants have been withholding discovery and not responding to his communications, and would like a judge to "make the defendants and Petitioner come to some type of equal agreement to a settlement."  (*Id.*).  Defendants filed an Opposition noting that they opted out of the early Alternative Dispute Resolution program on June 18, 2024, and indicate they still do not believe that participating in an early settlement conference would be productive.  (Doc. No. 53 at 1).

Because settlement conferences are voluntary and can only be fruitful when both sides are open to settlement discussions, the Court does not find that referring this case to settlement conference is appropriate at this time.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel Discovery (Doc. No. 49) is DENIED.

2. Plaintiff's Motion for Miscellaneous Relief (Doc. No. 50) is DENIED.

Dated:     December 2, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE