1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**
9                   **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   BENJAMIN JUSTIN BROWNLEE, | Case No. 1:23-cv-0376 JLT HBK |
| 12           Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE |
| 13      v. | MAGISTRATE JUDGE'S ORDERS |
| 14   J. BURNES, et al., | (Doc. 58) |
| 15          Defendants. | |

16

17        Benjamin Justin Brownlee asserts the defendants violated his civil rights arising under the

18 Eighth Amendment while incarcerated at Corcoran State Prison. (*See generally* Docs. 18, 23.)

19 Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff seeks reconsideration of

20 the magistrate judge's order denying his motions to compel discovery and referral to a settlement

21 program. (Doc. 59.) For the reasons set forth below, Plaintiff's motion for reconsideration is

22 **DENIED**.

23 **I.**     **Background**

24        Plaintiff initiated this action by filing a complaint on March 3, 2023 (Doc. 1), which he

25 amended on October 10, 2023 (Doc. 18). The Court found Plaintiff stated cognizable claims in

26 the amended complaint for excessive use of force, sexual assault, and failure to intervene. (*See*

27 Doc. 21, 28.) Therefore, the Court directed service of the FAC. (Doc. 24.)

28        After Defendants filed an answer, the Court issued its "Case Management Scheduling

1    Order."  (Doc. 38.)  The Court imposed limits on written discovery—including the number of

2    requests for admission and requests for production—and ordered "[r]esponses to written

3    discovery … shall be due within forty-five (45) days after the request is served."  (*Id*. at 1-2,

4    emphasis omitted.)  The Court also ordered the parties to meet and confer regarding any motion

5    to compel, and ordered the "failure to include a certification or show good cause for failure to

6    meet and confer will result in the motion being stricken."  (*Id.*)  The Court ordered the parties to

7    complete all non-expert discovery no later than March 16, 2025.  (*Id.* at 3.)  Further, the Court

8    ordered the parties to confer regarding a settlement conference and inform the Court "whether a

9    further settlement conference would be productive" no later than April 15, 2025.  (*Id.*)

10          On October 28, 2024, Plaintiff filed a motion to compel, requesting the Court order "the

11    defendants to produce for inspection and copying the documents requested."  (Doc. 49 at 1.)

12    Plaintiff acknowledged he did "not [write] to defendants (sic) counsel in an attempt to resolve the

13    dispute informally," because he did not "think the… counsel will write or respond[] back about

14    anything."  (*Id.* at 2.)  To the extent Defendants objected to the discovery requests, Plaintiff

15    argued the objections had "no merit," and that Defendants waived objections because they did not

16    respond within 45 days.  (*Id.*)  The magistrate judge denied the motion to compel, first finding the

17    motion was "facially deficient," and denial was appropriate on this basis, due to Plaintiff's

18    admission "that he did not attempt to comply with the meet and confer mandate."  (Doc. 55 at 3.)

19    The magistrate judge also found Plaintiff's assertion as to untimeliness was unavailing, because

20    Defendants requested an extension of time to respond to Plaintiff's discovery requests, and the

21    Court granted the request.  (*Id.*)  Further, the magistrate judge found the requested records were

22    not relevant, and the "request for 'any and all' prior grievances or complaints against the four

23    Defendants is overbroad, overly burdensome, and not proportional to the needs of this case."  (*Id.*

24    at 5; *id.* at 3-5.)  Thus, the magistrate judge also denied the motion "on the merits."  (*Id.* at 3, 6.)

25          On October 30, 2024, Plaintiff filed a motion to refer the action "to the pro se settlement

26    program for a settlement proceeding."  (Doc. 50 at 1.)  Defendants opposed the request, asserting

27    they did not believe a settlement conference would be productive.  (Doc. 53 at 1.)  The magistrate

28    judge observed that "settlement conferences are voluntary and can only be fruitful when both

1    sides are open to settlement discussions." (Doc. 55 at 6.) Therefore, the magistrate judge found

2    referral for a settlement conference was not appropriate and denied the motion. (*Id.*)

3        Plaintiff now seeks reconsideration of the magistrate judge's order denying his motions to

4    compel discovery and denying the request for a settlement conference. (Doc. 58 at 1-2.)

5    **II.    Reconsideration by the District Judge**

6        Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, non-dispositive pretrial

7    matters may be referred to and decided by a magistrate judge, subject to review by the assigned

8    district judge. Fed. R. Civ. P. 72(a). However, when a party seeks reconsideration of the

9    magistrate judge's order, the district judge "may not simply substitute its judgment for that of the

10   deciding court." *United States v. BNS, Inc*., 858 F.2d 456, 464 (9th Cir. 1988). A district judge

11   shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. §

12   626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019).

13       The "clearly erroneous" standard applies to factual findings and is "significantly

14   deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997);

15   *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the

16   district judge to be "left with the definite and firm conviction" that the magistrate judge made a

17   mistake. *Avalos*, 798 F.Supp.2d at 1160. When a challenged order "turns on a pure question of

18   law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a)

19   standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is

20   contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of

21   procedure." *Calderon v. Experian Info. Solutions, Inc*., 290 F.R.D. 508, 511 (D. Idaho 2013).

22   Consequently, challenged factual conclusions are reviewed for clear errors, while challenged legal

23   conclusions are reviewed to determine whether they are contrary to law.

24   **III.   Discussion and Analysis**

25       Plaintiff does not identify any factual errors by the magistrate judge in the analysis. (*See*

26   *generally* Doc. 58.) However, Plaintiff "strongly believe[s]" the magistrate judge erred in

27   denying the request for discovery because Plaintiff is incarcerated and has no other means to

28   obtain the documents requested. (*Id.* at 3.) Plaintiff maintains the documents requested will

3

1  "show that the defendants [have] done a lot of wrong doing (sic) to the petitioner." (*Id.*)  In

2  addition, Plaintiff contends he does not have any discovery because Defendants are "blocking the

3  petitioner in every way possible." (*Id.*)  Thus, Plaintiff requests review of the order denying his

4  motions.  (*Id.* at 4.)

5          Plaintiff does not show the magistrate judge acted contrary to law in denying the motions

6  to compel discovery and for referral to a settlement conference.  As the magistrate judge found, it

7  is undisputed that Plaintiff failed to comply with the meet and confer requirement, or even

8  attempt compliance.  Plaintiff fails to show that the requested discovery related to "any and all"

9  complaints and grievances made against the named defendants was not overboard and overly

10  burdensome. As the magistrate judge determined, Defendants' objections on these grounds were

11  proper.  *See Brook v. Careyi,* 352 Fed. App'x 184, 185-86 (9th Cir. 2009) (affirming the district

12  court's denial of the plaintiff's "motion to compel discovery of 'any and all grievances,

13  complaints, or other documents… concerning mistreatment of inmates'") (modifications

14  adopted); *see also Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co*., 981 F.2d 429, 438-39

15  (9th Cir. 1992) (finding the court is not required to compel discovery that is "unnecessarily

16  burdensome and overly broad," with minimal chance of relevance).

17          Furthermore, Plaintiff does not show any legal error by the magistrate judge declining to

18  set a settlement conference.  The purpose of Rule 16(c)(1) of the Federal Rules of Civil

19  Procedure, which authorizes settlement conferences is not "to impose settlement negotiations on

20  unwilling litigants." Fed. R. Civ. P. 16, Advisory Committee's Notes.  Toward this end, the Court

21  declines to require Defendants' participation in a settlement conference, which would be a waste

22  of the Court's scare judicial resources given the representation from Defendants that such a

23  conference would not be fruitful at this time.

24  **IV.    Conclusion and Order**

25          For the reasons set forth above, Plaintiff fails to show the rulings of the magistrate judge

26  were contrary to law.  Thus, the Court **ORDERS**:

27          1.      Plaintiff's request for reconsideration (Doc. 58) is **DENIED**.

28  ///

1    2.    The matter is referred to the magistrate judge for further proceedings.

2

3   IT IS SO ORDERED.

4    Dated:    **March 18, 2025**

UNITED STATES DISTRICT JUDGE

5