UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>J. BURNES, ET AL.,<br><br>Defendants. | Case No. 1:23-cv-00376-JLT-HBK (PC)<br><br>ORDER NOTING CLERK PROPERLY REJECTED PLAINTIFF'S CONSTRUED REQUEST FOR CLERK'S DEFAULT<br><br>(Doc. No. 73) |

On September 22, 2025, Plaintiff filed a "Declaration for Entry of Default." (Doc. No. 73, "Declaration"). Plaintiff complains that counsel for Defendants did not provide him with a copy of his deposition and requests "entry of default against Defendants." (*Id*.). Liberally construed Plaintiff requests that the Clerk enter a clerk's default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

By way of background, Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint brought under 42 U.S.C. § 1983 as screened. (Doc. No. 24). On July 12, 2024, Defendants timely filed an Answer to Plaintiff's First Amended Complaint. (Doc. No. 39). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Federal Rule of Civil Procedure 55(a). Rule 55 requires a "two-step process" that consists of (1) seeking the clerk's entry of default and (2) filing a motion for entry of default judgment. *Eitel v.*

1  *McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see Symantec Corp. v. Global Impact, Inc.*, 559
2  F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering
3  a Default Judgment'). Here, Defendants timely responded to Plaintiff's First Amended
4  Complaint. Thus, he is not entitled to a clerk's entry of default under Rule 55(a).
5      To the extent that Plaintiff contends he was entitled to a copy of his deposition transcript,
6  he is incorrect. *In forma pauperis* status does not authorize the courts to expend funds on copies,
7  even for an indigent litigant. *See Tedder v. Odel*, 890 F.2d 210, 212 (9th Cir. 1989)(finding plain
8  language of § 1915 did not waive payment of fees or expenses for witnesses); *see also Boston v.*
9  *Garcia*, Case No. 2:10-cv-1782-KJM-DAD PC, 2013 WL 1165062 *2 (March 20, 2013)(denying
10 inmate plaintiff's motion for free copy of deposition transcript at the discovery stage of the
11 proceedings); *Joseph v. Parciasepe*, Case No. 2:14-cv-414 GEB AC P, 2016 WL 2743448 *4
12 (E.D. Ca. May 11, 2016)(denying motion to compel production of deposition transcript for free at
13 the discovery stage of the proceedings). Further, Defendants did not file a motion for summary
14 judgment. Consequently, Plaintiff's deposition is not at issue at this stage of the proceedings.
15      Accordingly, it is **ORDERED:**
16   1. The Clerk properly rejected Plaintiff's construed request for a Clerk's default (Doc.
17      No. 73).
18   2. The Court will issue a second scheduling order setting this case for a pretrial
19      conference and trial before the district court.

21 Dated:   September 23, 2025

               HELENA M. BARCH-KUCHTA
               UNITED STATES MAGISTRATE JUDGE