1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11    BENJAMIN JUSTIN BROWNLEE,           1:23-cv-00376-JLT-HBK (PC)

12              Plaintiff,                SECOND SCHEDULING ORDER

13         v.                             ORDER DIRECTING CLERK'S OFFICE TO
                                          SEND LOCAL RULE 281 TO PLAINTIFF
14    J. BURNES, ET AL.,

15              Defendants.               Pretrial Conference

16                                             March 2, 2026 at 1:30 p.m.
                                               District Judge Jennifer L. Thurston
17                                             In Courtroom 4, 7th floor

18                                        Jury Trial

19                                             April 7, 2026 at 8:30 a.m.
                                               District Judge Jennifer L. Thurston
20                                             In Courtroom 4, 7th floor

21

22

23         Benjamin Justin Brownlee  ("Plaintiff") is a state prisoner proceeding pro se and *in forma*

24    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

25    Plaintiff's First Amended Complaint, filed on October 10, 2023, alleging an Eighth Amendment

26    excessive use of force claim against Defendants Burnes, Rivera, Rodriguez, and Flores; an Eighth

27    Amendment sexual assault claim against Defendants Rivera and Rodriguez; and an Eighth

28    Amendment failure to intervene claim against Defendant Flores.  (Doc. Nos. 18, 21, 23.)

                                              1

On June 20, 2024, the Court issued a Discovery and Scheduling Order establishing pretrial deadlines, including a discovery deadline of March 26, 2025, and a dispositive motion filing deadline of June 19, 2025.  (Doc. No. 38.)  On July 17, 2025, the parties participated in a settlement conference before Magistrate Judge Erica Grosjean, which resulted in an impasse. (Doc. No. 69.)  On July 22, 2025 the Court reset the dispositive motion deadline to September 10, 2025, because the parties were engaged in settlement discussion when the initial deadline passed. (Doc. No. 71.)  All deadlines have now expired, and no motions are pending.  Based on this record, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court will set a further schedule for this litigation.

The parties are required to file pretrial statements in accordance with the schedule set forth herein.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below. **Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wishes to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

1    A party intending to introduce the testimony of incarcerated witnesses who have agreed

2  voluntarily to attend the trial must serve and file <u>concurrent with the pretrial statement</u> a written

3  motion for a court order requiring that such witnesses be brought to court at the time of trial.  The

4  motion must: (1) state the name, address, and prison or state hospital identification number of

5  each such witness; and (2) be accompanied by declarations showing that each witness is willing

6  to testify and that each witness has actual knowledge of relevant facts.  The motion should be

7  entitled "Motion for Attendance of Incarcerated Witnesses."

8    The willingness of the prospective witness can be shown in one of two ways: (1) the party

9  himself can swear by declaration under penalty of perjury that the prospective witness has

10  informed the party that he or she is willing to testify voluntarily without being subpoenaed, in

11  which declaration the party must state when and where the prospective witness informed the party

12  of this willingness; or (2) the party can serve and file a declaration, signed under penalty of

13  perjury by the prospective witness, in which the witness states that he or she is willing to testify

14  without being subpoenaed.

15    The prospective witness's actual knowledge of relevant facts can be shown in one of two

16  ways: (1) if the party has actual firsthand knowledge that the prospective witness was an

17  eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell

18  and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may

19  swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty

20  of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a

21  declaration signed under penalty of perjury by the prospective witness in which the witness

22  describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether

23  the declaration is made by the party or by the prospective witness, it must be specific about the

24  incident, when and where it occurred, who was present, and how the prospective witness

25  happened to be in a position to see or to hear what occurred at the time it occurred.

26  The court will review and rule on the motion for attendance of incarcerated witnesses, specifying

27  which prospective witnesses must be brought to court.  Subsequently, the court will issue the

28  order necessary to cause the witness's custodian to bring the witness to court.

3

Motions for the attendance of incarcerated witnesses, if any, must be filed on or before December 5, 2025.  Oppositions, if any, must be filed on or before December 29,  2025.

2.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

4.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  *See* Fed. R. Civ. P. 45.  In addition to serving the unwilling witness with a subpoena, the party seeking the witness's presence must tender an appropriate sum of money for the witness to appear at trial.  *Id*.  In the case of an unincarcerated witness, the appropriate sum of money is a daily witness fee of $40.00 plus the witness's travel expenses.  *See* 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the court in writing of the name and physical location of each unincarcerated witness.  The court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court.  **Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.**

4

If Plaintiff wishes to have the United States Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the court no later than February 2, 2026. In order to ensure timely submission of the money orders, Plaintiff must notify the court of the names and physical locations of his witnesses, in compliance with step one, no later than December 5, 2025.

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Finally, the court shall direct the Clerk's Office to provide Plaintiff and Defendants with consent/decline forms. Within thirty days from the date of service of this order, Plaintiff and Defendants shall inform the court whether they consent to or decline Magistrate Judge jurisdiction, by filling out the form and returning it to the court.

The parties shall appear at the Pretrial Conference with each party connecting remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by Judge Thurston's Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire is required.

Counsel for Defendants is required to contact Plaintiff's institution to arrange for Plaintiff's participation in the Pretrial Conference. Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

This order represents the Court best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification.

***The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Accordingly, the court HEREBY ORDERS as follows:

1. The deadline for all parties to serve their expert disclosures is **December 2, 2025**. Parties have until **January 2, 2026** to serve their rebuttal expert disclosures.

2.     This matter is set for a Pretrial Conference on **March 2, 2026 at 1:30 p.m.** before District Judge Jennifer L. Thurston in Courtroom 4;

3.     The jury trial for this case is scheduled for **April 7, 2026 at 8:30 a.m.** before District Judge Jennifer L. Thurston in Courtroom 4;

4.     Counsel for Defendants is required to arrange for the participation of Plaintiff at the pretrial conference by connecting remotely either via Zoom video conference or Zoom telephone number;

5.     Plaintiff shall serve and file a pretrial statement as described in this order on or before **December 22, 2025**.

6.     Defendants shall serve and file a pretrial statement as described in this order on or before **January 22, 2026**;

7.     In addition to electronically filing a pretrial statement, Defendants shall e-mail the pretrial statement to: jlt@caed.uscourts.gov;

8.     If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **December 5, 2025;**

8.     The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **December 29, 2025**;

10.    If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the court of the names and physical locations of his witnesses **no later than December 5, 2025** and must submit the money orders, as described in subsection 4 of this order, to the Clerk of Court on or before **February 2, 2026**;

11.    The Clerk's Office shall send Consent/Decline to United States Magistrate Judge Jurisdiction forms to Plaintiff and Defendant;

12.    Within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall notify the court whether they consent to or decline Magistrate Judge jurisdiction, by filling out the enclosed form and returning it to the court; and

13.    The Clerk's Office shall send Plaintiff a courtesy copy of Local Rule 281.

6

IT IS SO ORDERED.

Dated:   September 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE