UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>  Plaintiff,<br><br>  v.<br><br>J. BURNES, et al.,<br><br>  Defendant. | Case No.  1:23-cv-00376-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No.  78) |

Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 78 "Motion"). Plaintiff seeks appointment of counsel because (1) Plaintiff cannot afford legal representation, (2) Plaintiff's incarceration limits their ability to litigate, (3) this case will likely involve conflicting testimony that counsel would better present, (4) Plaintiff has attempted to obtain counsel and has been unsuccessful (5) Plaintiff has a physical and learning disability, (6) Plaintiff believes this case is complex, (7) Plaintiff cannot access the law library because they do not have a tablet, and (8) Plaintiff does not have a right thumb which limits the ability to write. (See *id.*). For the reasons set forth below, the Court denies Plaintiff's Motion.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend

a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met the "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). First, Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *see also Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Nor is Plaintiff's inability to find counsel "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Plaintiff's first amended complaint was allowed to proceed on Eighth Amendment excessive use of force claims against Defendants Burnes, Rivera, Rodriguez, and Flores, Eighth Amendment sexual assault claim against Defendants Rivera and Rodriguez, and Eighth Amendment failure to intervene claim against Defendant Flores. (Doc. No. 23 at 1). Contrary to Plaintiff's assertion, the Court does not find that the legal issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).

Plaintiff's purported lack of general knowledge of the law and or ability to litigate a case are common challenges faced by pro se litigants but do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants."). Nothing in the record suggests that Plaintiff lacks the

ability to competently litigate this case. Plaintiff been litigating this action since March 3, 2023 without counsel and the Court has not had trouble understanding Plaintiff's arguments or requests. (*See* docket).

Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Plaintiff states that counsel is needed to interview witnesses, but the inability to contact or interview witnesses will not render a matter sufficiently complex to warrant the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Arellano v. Sedighi*, No. 15-cv-02059-AJB-BGS, 152020 WL 5877832, at *47 (S.D. Cal. Oct. 1, 2020) (denying appointment of counsel to help locate witnesses no longer housed at same prison as plaintiff); *Trueblood v. Cappola*, No. 3:19-cv-05816-RBL-JRC, 2020 WL 1929265, at *2 (W.D. Wash. Apr. 21, 2020). Plaintiff's complaint regarding limitations in accessing the law library due to their confinement do not warrant appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 612.; *see also Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) ("[p]risoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library.") (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). To the extent needs additional time to research any matters he may seek an extension of time, which the Court liberally grants to pro se litigants. Further, Plaintiff appears to want an attorney to assist in conducting discovery, but all discovery deadlines besides expert discovery have passed. (*See* Doc. No. 75).

While Plaintiff states the disability of not having a right thumb makes it difficult to write, a review of the pleadings filed by Plaintiff reveals no illegible filings or prior difficulty prosecuting this case. *See e,g, Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly litigate case despite mental illness). Plaintiff claims the American with Disability Act ("ADA") requires the Court to appoint counsel. However, the ADA does not provide a basis to appoint counsel in this case. "[W]hile the Americans with Disabilities Act (ADA) requires state courts to make disability accommodations, the ADA does not apply to federal courts." *Roman v. Jefferson*

3

1 *at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012); *see also* 42 U.S.C. § 12131(1)(A)
2 (defining "public entity" as "any State or local government" and an "instrumentality of a State or
3 States or local government"). As a result, appointment of counsel is not mandated under the
4 ADA.

5 To date, Plaintiff has adequately presented their claims to the court, despite their stated
6 disabilities. For these reasons, the court does not find the required exceptional circumstances.

7 Accordingly, it is **ORDERED**:

8 Plaintiff's motion to appoint counsel (Doc. No. 78) is DENIED.

10 Dated:  October 24, 2025

11 HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4